# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SARA L. BIRCH,

                        **Plaintiff,**

-vs-                                      Case No. 6:09-cv-92-Orl-28DAB

SYDGAN CORPORATION, DANIEL B.
BELLOWS,

                        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**     **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 11)**
>
> **FILED:**       **March 24, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

> **MOTION:**     **CORRECTED MOTION TO APPROVE JOINT SETTLEMENT (Doc. No. 12)**
>
> **FILED:**       **March 25, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

       This cause came on for consideration upon referral by the District Judge to determine whether

the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See*

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Because the motions were not sufficient to perform the required fairness review, the Court ordered that the record be supplemented, and the parties obliged (Doc. Nos. 13 and 14). Based on the papers filed, it appears that Plaintiff was a Project Manager for Defendant. In Interrogatories, Plaintiff claims $1,347.90 in total overtime owed, and $1,347.90 in liquidated damages, for a total damages claim of $2,695.80, plus attorney's fees and costs (Doc. No. 9). The settlement agreement provides for Plaintiff to receive half that amount, that is, $1,347.90 in total compensation (with half being

deemed wages and half deemed liquidated damages). This compromise[1] was reached by weighing the strength of Defendant's position (including questions about the accuracy of Plaintiff's claimed time records, the good faith defense to liquidated damages claim, and other defenses) and upon review of the actual time records. In view of the foregoing, the Court finds the compromise to be a fair and reasonable resolution of a bona fide dispute.

As for attorney's fees, Plaintiff claims to have expended attorney time of 14.3 hours at $250 per hour, and, in supplemental filing, provides an itemization of that time. Although counsel claims a lodestar of $3,575.00, the parties settled for a fee amount of $2,383.98 (including costs).[2] Without ruling on the acceptability of Plaintiff's declaration of what he believes is a proper lodestar, the Court finds this reduced amount to be reasonable,[3] and recommends approval of same.

For the reasons set forth above, the Court **recommends** that the Corrected Joint Motion to Approve the settlement be **granted.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 3, 2009.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's counsel does not appear to recognize that this amount is, in fact, a compromise. Although he notes case law holding that "when a case is resolved by payment of the full amount of wages allegedly due under the FLSA, the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA," (citing *Matthews v. DD & G Trucking Inc.*, No.6:06-cv-1827-Orl-28KRS), here, the settlement amount expressly notes that she is receiving *half* her overtime wages, and *half* her liquidated damages claim.

[2] The Court notes that this amount differs from the amount listed in the Clarification of Settlement. The Court accepts the amount in the signed agreement, which purports to include costs, as well.

[3] The time sheets reflect certain time that is clearly clerical in nature.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy